IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATIONAL SURETY CORPORATION, | § § | |
| Plaintiff, | § § | |
| V. | § | No. 3:13-cv-2045-M |
| FERGUSON ENTERPRISES, INC., ET AL., | § § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff National Surety Corporation, as subrogee of Brian Zweig and Lori Zweig ("Plaintiff") filed a Consolidated Motion For Leave to Conduct Jurisdictional Discovery. *See* Dkt. No. 29. United States District Judge Barbara M.G. Lynn referred the motion to the undersigned magistrate judge for hearing, if necessary, and recommendation or determination. *See* Dkt. No. 35. For the reasons stated herein, Plaintiff's Consolidated Motion For Leave to Conduct Jurisdictional Discovery [Dkt. No. 29] should be denied.

**Background**

Plaintiff raises claims of negligence, negligent misrepresentation, and strict liability for defective product against Defendant Capstone International Development Corporation ("Capstone") under this Court's diversity jurisdiction. *See* Dkt. No. 10. Capstone is a Taiwanese company with its principal place of business in New Taipei City, Taiwan. *See* Dkt. No. 10 at 2. Plaintiff alleges that Capstone is a third-party

company, exporter, and sourcing company that contracted with Defendant Ferguson Enterprises, Inc. to find a company to manufacture goods, act as a liaison with that company, and export the manufactured goods and products to the United States and was responsible for the placement of an allegedly defective faucet assembly into the "stream of commerce" and, eventually, its transport into the Texas. *See id.* at 3-4.

Capstone has filed a Motion to Dismiss For Lack of Personal Jurisdiction. *See* Dkt. No. 25. It argues that it lacks contacts with Texas sufficient to permit suit against it in this forum and that this lawsuit should be dismissed under Federal Rule of Civil Procedure 12(b)(2).

Plaintiff now seeks an order permitting limited discovery with respect to the jurisdictional issues so that it may "obtain information that will allow it to more fully respond to Capstone's Motion to Dismiss." Dkt. No. 29 at 4. Capstone objects to this request. *See* Dkt. No. 32. Plaintiff has not filed a reply, and its time to do so has passed.

## Legal Standards

When seeking discovery on personal jurisdiction, a plaintiff must make a "preliminary showing of jurisdiction" before being entitled to such discovery. *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005). The decision to allow jurisdictional discovery is within the district court's discretion. *See id.* at 419. "[D]iscovery on matters of personal jurisdiction need not be permitted unless the motion to dismiss raises issues of fact. When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted." *Kelly v. Syria Shell*

*Petroleum Dev. B.V.,* 213 F.3d 841, 855 (5th Cir. 2000) (citation omitted). A plaintiff seeking discovery on matters of personal jurisdiction is expected to identify the discovery needed, the facts expected to be obtained thereby, and how such information would support personal jurisdiction. *See Mello Hielo Ice, Ltd. v. Ice Cold Vending LLC,* No. 4:11-cv-629-A, 2012 WL 104980, at *7 (N.D. Tex. Jan. 11, 2012) (citing *Kelly*, 213 F.3d at 855). A court is entitled to deny leave to conduct jurisdictional discovery where the movant fails to specify what facts it believes discovery would uncover and how those facts would support personal jurisdiction. *See id.*; *see also King v. Hawgwild Air, LLC,* No. 3:08-cv-153-L, 2008 WL 2620099, at *8 (N.D. Tex. June 27, 2008).

## Analysis

In Plaintiff's complaint, Rule 12(b)(2) response, and motion for jurisdictional discovery, it generally alleges that personal jurisdiction exists over Capstone because Capstone delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in Texas. *See* Dkt. No. 10 at 3, 14; Dkt. No. 29 at 5-6; Dkt. No. 30 at 2, 5. Plaintiff does not assert that any additional contacts with Texas exist. *See id.*

Instead, Plaintiff asserts that the evidence currently before the Court, including the declaration of Capstone CEO Jason Wang, sufficiently establishes personal jurisdiction over Capstone under the "stream of commerce" theory that has purportedly been adopted by Judge Lynn in a similar case. *See* Dkt. No. 29 at 5-6 (citing *Cable Elec., Inc. v. North Am. Cable Equip., Inc.*, No. 3:08-cv-433-M, 2009 WL 2382561 (N.D. Tex. Aug. 10, 2009)); *see also* Dkt. No. 30 at 5-6. That is, Plaintiff contends that the

evidence already before the Court is sufficient to establish personal jurisdiction. *See* Dkt. No. 30 at 5-6.

Plaintiff does not in any way identify the discovery needed, the facts expected to be obtained thereby, and how such information would support personal jurisdiction. Instead, Plaintiff simply contends that it seeks information that "will allow it to more fully respond to Capstone's Motion to Dismiss," Dkt. No. 29 at 4, and, in the alternative to the Court's finding general jurisdiction over Capstone, "requests 90 days to complete jurisdictional discovery to establish specific jurisdiction over Capstone," Dkt. No. 30 at 5.

While it is true that a plaintiff does not have a heavy burden to obtain jurisdictional discovery, *see Fielding*, 415 F.3d at 429, jurisdictional discovery need not be permitted unless the motion to dismiss raises issues of fact, *see Kelly*, 213 F.3d at 855. Here, Capstone contends that it has no contacts with Texas and only delivers the products purchased by customers to an exit port F.O.B. (or "free on board"). *See* Dkt. No. 25-2. Plaintiff does not appear to dispute this claim. *See* Dkt. No. 29 at 2-3; Dkt. No. 30 at 2-3, 5-6. Instead, Plaintiff argues that such contacts are legally sufficient to establish personal jurisdiction in this Circuit. *See* Dkt. No. 29 at 7; Dkt. No. 30 at 5-6.

The only issue before the Court appears, therefore, to be a legal one – whether Capstone's contacts are sufficient to establish jurisdiction. Plaintiff does not identify any disputed issue of fact that would be resolved by discovery and does not identify or explain the discovery that it seeks.

This distinguishes Plaintiff's motion from the motion that the Court considered

in *Cable Electronics, Inc.,* in which the plaintiff argued that jurisdictional discovery was necessary to resolve disputed issues of fact because there were "several inaccuracies" in the declaration supporting that defendant's Rule 12(b)(2) motion and that the defendant's contacts with Texas were more substantial than asserted in the declaration. *See Cable Electronics, Inc.,* 2009 WL 2382561, at *3.

Plaintiff's demonstration of the specific facts that it expects to be revealed through jurisdictional discovery "is especially important where, as here, the defendant enters declarations into evidence specifically denying certain jurisdictional allegations." *Bell Helicopter Textron, Inc. v. American Eurocopter, LLC*, 729 F. Supp. 2d 789, 797-98 (N.D. Tex. 2010). "The court need not allow a plaintiff to conduct a jurisdictional fishing expedition seeking facts to support a claim of general jurisdiction." *Id.*

Plaintiff here identifies no specific facts that are in dispute, does not identify the discovery needed, and fails to explain how any information obtained would support personal jurisdiction. Plaintiff has therefore failed to adequately support its request for jurisdictional discovery. *See Northview Christian Church, Inc. v. Monolithic Constructors, Inc.*, No. 3:09-cv-655-M, 2010 WL 2812849, at *3 (N.D. Tex. July 13, 2010) (denying request for jurisdictional discovery where a plaintiff "does not describe the specific discovery it requests, what facts it hopes to obtain from such discovery, or how it would produce information that would support personal jurisdiction over the" defendants). Accordingly, the undersigned recommends that Plaintiff's motion – including its apparently alternative request for pre-conference discovery, *see* Dkt. No.

30 at 7, unmoored to the standards for jurisdictional discovery that apply where, as here, a defendant has filed a Rule 12(b)(2) motion – be denied.

## Recommendation

Plaintiff's Consolidated Motion For Leave to Conduct Jurisdictional Discovery [Dkt. No. 29] should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 8, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE